# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RBS SECURITIES INC., <br><br> Plaintiff, <br> vs. <br><br> PLAZA HOME MORTGAGE, INC., <br><br> Defendant. | CASE NO. 12cv2132-JM (MDD) <br><br> ORDER GRANTING MOTION TO COMPEL <br><br> [ECF NO. 3] |

Before the Court is Plaintiff's motion to compel compliance with a subpoena *duces tecum* issued to Defendant under Fed.R.Civ.P. 45 in connection with federal civil litigation pending in the Western District of Wisconsin. (*See* ECF No. 1-2, Exh. A). Defendant is not a party to that action but is located in this District. Accordingly, the subpoena was issued by this Court. (*Id.* at Exh. C). This Court has jurisdiction to hear this motion pursuant to Rule 45(c)(3).

The subpoena requires Defendant to produce certain loan files. Defendant has refused to produce the files unless Plaintiff complies with California Code of Civil Procedure, section 1985.3 ("CCP 1985.3"). CCP 1985.3 imposes upon the party seeking the records an obligation to notify the consumer and provide an opportunity to object to disclosure.

Plaintiff asserts that CCP 1985.3 does not apply to federal proceedings and federal subpoenas. By its terms, CCP 1985.3 applies to a person who causes "a

- 1 -

1  subpoena duces tecum to be issued or served in connection with any civil action or
2  proceeding *pursuant to this code . . . .*" CCP 1985.3(a)(3) (emphasis added).  The
3  subpoena in this case was not issued pursuant to the California Civil Code.  *See*
4  *McKinney v. Department of the Treasury,* 1996 WL 775922 at n.1 (C.D. Cal. Sept. 25,
5  1996).

6  Some courts have wandered into the morass of determining whether CCP
7  1985.3 creates a privilege under California law and whether that privilege should be
8  accorded some recognition in federal proceedings.  *See, e.g. Corser v. County of*
9  *Merced*, 2006 WL 253622 (E.D. Cal. Aug. 31, 2006): *Robinson v. Kia Motors America,*
10 *Inc.,* 2011 WL 2433369 (E.D. Cal. June 13, 2011).  This Court instead will credit the
11 plain language of the statute regarding its scope.  A subpoena *duces tecum* issued
12 under the Federal Rules of Civil Procedure is not subject to CCP 1985.3 which, by its
13 terms, is limited to subpoenas issued under the CCP.

14 To the extent that any particular borrower has a privacy interest in the file
15 pertaining to his or her loan, this Court finds that any such interest is sufficiently
16 protected by the protective order outstanding in this case.  (ECF No. 1-2, Exh. B).

17 Plaintiff's motion to compel is **GRANTED**.  Defendant is **ORDERED** to
18 produce responsive records no later than September 21, 2012, absent agreement of
19 the parties or further order of this Court.

20 IT IS SO ORDERED.

21 DATED: September 10, 2012

23 Hon. Mitchell D. Dembin
24 U.S. Magistrate Judge